**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **LYSSA NETWORKS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**VERICHECK, INC.,**<br><br>    Defendant. | **CIVIL ACTION NO. 2:14-cv-1025**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Lyssa Networks, LLC ("Lyssa" or "Plaintiff"), makes the following allegations against VeriCheck, Inc. ("VeriCheck" or "Defendant").

## PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Lyssa's president is Daniel F. Perez.

3. On information and belief, Defendant VeriCheck, Inc. is a Georgia corporation with its principal place of business at 1848 Independence Square, Suite C, Dunwoody, Georgia 30338. Defendant does not appear to have a registered agent in Texas.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,899,234

7. Plaintiff is the owner by assignment of United States Patent No. 7,899,234 ("the '234 Patent") entitled "Check Verification System"– including all rights to recover for past and future acts of infringement.  The '234 Patent issued on March 1, 2011.  A true and correct copy of the '234 Patent is attached as Exhibit A.

8. Upon information and belief, VeriCheck has been and now is, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by VeriCheck, infringe(d) one or more claims of the '234 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, VeriCheck's infringing systems generally include its Automated Clearinghouse (ACH) systems and services, and specifically include, but are not limited to, the VeriCheck Remote Deposit Capture system, VeriCheck Check Guarantee program, and electronic check conversion systems.  Use of these infringing products and the services in their intended manner, and as they are designed and/or programmed to operate, infringe one or more claims of the '234 Patent.  Furthermore, VeriCheck appears to act as sole the service provider to users of these infringing systems – resulting in use of the infringing systems by end-users under the influence and control of VeriCheck.  VeriCheck thus directly and indirectly infringes, jointly infringes, contributes to and/or induces infringement of one or more claims of the '234 Patent.  Defendant VeriCheck is thus liable for infringement of the '234 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,041,099

9. Plaintiff is the owner by assignment of United States Patent No. 8,041,099 ("the '099 Patent") entitled "Check Verification System"– including all rights to recover for past and future acts of infringement. The '099 Patent issued on October 18, 2011. A true and correct copy of the '099 Patent is attached as Exhibit B.

10. Upon information and belief, VeriCheck has been and now is, directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by VeriCheck, infringe(d) one or more claims of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, VeriCheck's infringing systems generally include its Automated Clearinghouse (ACH) systems and services, and specifically include, but are not limited to, the VeriCheck Remote Deposit Capture system, VeriCheck Check Guarantee program, and electronic check conversion systems. Use of these infringing products and the services in their intended manner, and as they are designed and/or programmed to operate, infringe one or more claims of the '099 Patent. Furthermore, VeriCheck appears to act as sole the service provider to users of these infringing systems – resulting in use of the infringing systems by end-users under the influence and control of VeriCheck. VeriCheck thus directly and indirectly infringes, jointly infringes, contributes to and/or induces infringement of one or more claims of the '099 Patent. Defendant VeriCheck is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of, the '234 and '099 Patents;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '234 and '099 Patents;

3. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '234 and '099 Patents as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

November 11, 2014

Respectfully Submitted,

**LYSSA NETWORKS, LLC**

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Ronald W. Burns, Esq.
15139 Woodbluff Drive
Frisco, Texas  75035
Phone:  972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
LYSSA NETWORKS, LLC**